# IN THE SUPREME COURT OF TEXAS

═══════════

No. 18-0128

═══════════

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY AND RICHARD A. HYDE, P.E., EXECUTIVE DIRECTOR OF THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, PETITIONERS,

v.

BRAZOS VALLEY ENERGY, LLC; HAYS ENERGY, LLC; ENNIS POWER CO., LLC; MIDLOTHIAN ENERGY, LLC; WISE COUNTY POWER CO., LLC; FREEPORT ENERGY CENTER, LLC; FREESTONE POWER GENERATION, LLC; AND TENASKA GATEWAY PARTNERS, LTD, RESPONDENTS

═══════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

═══════════

**Argued January 24, 2019**

JUSTICE LEHRMANN delivered the opinion of the Court.

JUSTICE GUZMAN did not participate in the decision.

At issue in this case is whether Texas Tax Code Section 11.31 gives the Texas Commission on Environmental Quality and its Executive Director discretion to deny an ad valorem tax exemption for heat recovery steam generators (HRSGs), devices the Legislature has deemed "pollution control property." This question is squarely resolved by our opinion in Cause No. 17-1003, *Brazos Electric Power Cooperative v. Texas Commission on Environmental Quality*, also issued today. ___ S.W.3d ___ (Tex. 2019). There we hold in pertinent part that the

Legislature has deemed certain types of property listed in Section 11.31(k) (also referred to as "the k-list"), including HRSGs, to qualify at least in part as pollution control property entitled to an exemption. *Id.* at ___. We further hold in *Brazos Electric* that the Commission abused its discretion by issuing negative use determinations for two exemption applications involving HRSGs—i.e., determining that the HRSGs were not entitled even to partial tax exemptions—when the applications complied with all relevant statutory requirements. *Id.* at ___.

Here, Brazos Valley Energy, LLC; Hays Energy, LLC; Ennis Power Co., LLC; Midlothian Energy, LLC; Wise County Power Co., LLC; Freeport Energy Center, LLC; Freestone Power Generation, LLC; and Tenaska Gateway Partners, LTD also submitted compliant applications for tax exemptions for HRSGs. The Commission issued negative use determinations for each of the applications, and the parties sought judicial review in district court, which affirmed the determinations. The court of appeals reversed, holding that the Commission may not issue negative use determinations for devices on the k-list, such as HRSGs. 564 S.W.3d 1, 15 (Tex. App.—Austin 2017).

In light of our holding in *Brazos Electric*, the court of appeals was correct to reverse the trial court's judgment and remand to the Commission.[1] Accordingly, we affirm the court of appeals' judgment.

---

[1] The Commission argues that the court of appeals ignored the existence of a valid alternative basis to affirm the negative use determinations. Specifically, the Commission asserts that the applicants were allowed to propose a methodology for determining the proportion of the HRSGs that are pollution-control related and that the Commission reasonably determined none of the applicants' proposed methodologies were reasonable. *See* 30 TEX. ADMIN. CODE § 17.17(d) (2008). But even assuming the Commission correctly rejected the applicants' proposed methodologies, we fail to see how this provides an independent basis to affirm. As we explain in *Brazos Electric*, for property on the k-list, the Commission's sole responsibility is to determine "what proportion of the property is purely productive and what proportion is for pollution control," and it "may not determine that the pollution control proportion is zero or negative." ___ S.W.3d at ___; *see also* TEX. TAX CODE § 11.31(d), (k), (m). By determining that the pollution-control proportion of the HRSGs at issue is less than zero, the Commission necessarily abused its

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** May 3, 2019

---

discretion regardless of the chosen formula or the manner in which it was applied. *Brazos Electric*, ___ S.W.3d at ___.